The PENNSYLVANIA RAILROAD
COMPANY

v.

READING COMPANY.

No. 11674.

United States Court of Appeals
Third Circuit.

Argued Oct. 18, 1955.

Decided Nov. 2, 1955.

———◆———

Windsor F. Cousins, Robert V. Massey, Jr., Philadelphia, Pa. (Gordon W. Gerber, Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., were on the brief), for appellant.

Samuel R. Howell, Washington, D. C. (C. H. Johns, Asst. Gen. Counsel, Interstate Commerce Commission, Washington, D. C., on the brief), for Interstate Commerce Commission, intervenor.

Thomas B. K. Ringe, Philadelphia, Pa. (J. Wesley Oler, John R. McConnell, H. Merle Mulloy, William I. Woodcock, Jr., Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

In the district court appellant sought to restrain the Reading Company from constructing and operating railroad facilities into the Cromby (Pennsylvania) plant of the Philadelphia Electric Company. It contended that Reading was thereby extending its lines and that it had not obtained the necessary certificate of public convenience and necessity authorizing this from the Interstate Commerce Commission. 49 U.S.C. § 1(18), (20). Reading defended on the ground that the construction involved was of an industrial spur to serve a single customer who had requested the service, a type of construction expressly excluded from the authority of the Commission by 49 U.S.C. § 1(22).

On the mixed question of law and fact arising from the issue Judge Clary in an exhaustive well considered opinion, D.C., 132 F.Supp. 616, found that the construction was of an industrial spur. He therefore denied plaintiff-appellant's motion for injunction and dismissed its complaint.

From our own examination of the law and facts we are satisfied that the decision has substantial factual support in the record and is sound legally on the cases relied upon in the district court opinion.

The judgment of the district court will be affirmed.